Sean A. O'Keefe – SBN 122417
**OKEEFE & ASSOCIATES**
**LAW CORPORATION, P.C.**
130 Newport Center Drive, Suite 140
Newport Beach, CA 92660
Telephone: (949) 334-4135
Fax: (949) 274-8639
Email: sokeefe@okeefelc.com
Special Litigation Counsel to the Debtors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, INC., et al.<br><br>Debtors and Debtors in Possession.<br><br>Affects:<br><br>☐ All Debtors<br>☒ SCOOBEEZ, INC., only<br>☒ SCOOBEEZ GLOBAL, INC. only<br>☐ SCOOBUR, LLC only | Adversary No.<br><br>Lead Case No. 2:19-bk-14989-WB<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 2:19-bk-14991; 2:19-bk-14997)<br><br><br>**COMPLAINT FOR DECLARATORY RELIEF; BREACH OF CONTRACT; INJUNCTIVE RELIEF** |
| SCOOBEEZ, INC., a California corporation, and SCOOBEEZ GLOBAL, INC., an Idaho corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN AND GREGORI SEDRAKYAN<br><br>Defendants | |

Scoobeez, Inc., a California corporation ("Scoobeez"), and Scoobeez Global, Inc., an Idaho corporation ("Global") (together the "Plaintiffs" or the "Debtors"), hereby respectfully allege and state as follows:

**<u>JURISDICTION AND VENUE</u>**

1.       On April 30, 2019 (the "Petition Date"), Global and Scoobeez filed petitions under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California ( the "Bankruptcy Court").

2.       Global's Chapter was 11 case was assigned case number 2:19-bk-14991 (the "Global Case") and Scoobeez Chapter 11 case was assigned case number 2:19-bk-14989-WB (the "Scoobeez Case") (together the "Bankruptcy Cases").

3.       The claims in this adversary proceeding arise in and relate to the Bankruptcy Cases.

4.       The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5.       This adversary proceeding is a core proceeding under, <u>inter alia</u>, 28 U.S.C. §§ 157(b)(2)(A) and (O).

6.       If this adversary proceeding is determined to be a non-core proceeding, the Plaintiffs consent to the entry of final orders and judgments by the bankruptcy judge. The defendants are hereby notified that Fed. R. Bankr. P. 7012(b) requires the defendants to admit or deny whether this adversary proceeding is a core or non-core proceeding and, if non-core, to state whether the defendants' consent, or do not consent, to the entry of final orders or judgment by the bankruptcy judge.

7.       This adversary proceeding is a civil proceeding arising in and related to the Bankruptcy Cases, and such case is pending before this Court. Accordingly, venue in this Court is proper under 28 U.S.C. § 1409(a).

## THE PARTIES

8.     The Plaintiffs are the debtors and debtors-in-possession in their respective Bankruptcy Cases.

9.     Shahan Ohanessian ("Ohanessian") is an individual who is a shareholder of Global. Ohanessian purports to be a member of the board of directors of Global (the "Board").

10.     The Plaintiffs allege, on information and belief, that Ohanessian resides in Los Angeles County, California.

11.     Shoushana Ohanessian is the spouse of Ohanessian and she purports to be a member of the Board.

12.     The Plaintiffs allege, on information and belief, that Shoushana Ohanessian resides in Los Angeles County, California.

13.     Gregori Sedrakyan ("Sedrakyan") is an individual who purports to be a member of the Board.

14.     The Plaintiffs allege, on information and belief, that Sedrakyan resides in Los Angeles County, California.

## GENERAL ALLEGATIONS

### The Debtor

15.     Ohanessian owns over ninety percent of the common stock of Scoobeez Global.

16.     Global owns approximately ninety-six percent of the common stock of Scoobeez, Inc.

17.     As of the Petition Date, Ohanessian was the chairman of the Board and the chief executive officer of Global.

18.     Hillair Capital Management LLC and its affiliates (collectively, "Hillair") hold a lien against substantially all of the Plaintiffs' assets as security for an allowed claim in the approximate amount of $11.0 million (the "Hillair Claim").

19.     Hillair has authorized the Plaintiffs to continue using cash collateral on certain terms and conditions. These terms and conditions include the exclusion of Ohanessian from management of the Plaintiffs.

2

20.     On June 5, 2020, Ohanessian executed that certain *Written Consent of The Majority Shareholder of Scoobeez Global, Inc.* (the "Consent"). A true and correct copy of the Consent is attached hereto as Exhibit "A".

21.     The following directors were removed from the Board pursuant to the Consent: Shahan Ohanessian, Shoushana Ohanessian, Jowita Chomentowska, Lance Brinker and Richard Dolan (the "Ohanessian Board Members")

22.     Brian Weiss and Daniel W. Harrow were elected to serve on the Board in the place and stead of the Ohanessian Board Members effective as of June 5, 2019. Howard Grobstein was also elected to the Board in June of 2019.

23.     Concurrently with the execution of the Consent, Ohanessian executed that certain *Letter Agreement re: Resignation from Board of Directors and Limitation on Shareholder Authority During the Pendency of Chapter 11 Bankruptcy* (the "Letter Agreement"). A true and correct copy of the Letter Agreement is attached hereto as Exhibit "B".

24.     In the Letter Agreement, Ohanessian contractually agreed he would not engage in any of the following actions during the pendency of the Bankruptcy Cases:

• Vote his shares in Scoobeez Global to remove or otherwise alter the composition of the Board of Directors of Scoobeez Global or Scoobeez except in the event that another shareholder attempts to remove or otherwise alter the composition of the Board of directors of Scoobeez Global or Scoobeez;

• Be involved with the management or financial affairs of Scoobeez Global or Scoobeez; and

• Affect the business or operations of Scoobeez Global or Scoobeez except as requested and necessary to preserve the relationship with Amazon.com and its affiliated companies

(See exhibit "B").

25.     Pursuant to the *Third Stipulation Regarding Continued Cash Collateral* entered into by and among Hillair and the Debtors (the "Stipulation"), if any of the Board's existing members, Brian Weiss, Howard Grobstein and Daniel Harrow, are removed from the Board without Hillair's consent, the Debtors will be in default under the terms of the Stipulation. True and correct copies of the Stipulation and the order of this Court approving the same are attached

hereto as Exhibits "C" and "D" respectively.

26.     On May 16, 2019, the Debtors filed that certain *Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of the Debtors Nunc Pro Tunc to May 16, 2019* [Docket No. 63] (the "CRO Application"). On June 6, 2019, the Court entered an order granting the CRO Application (the "CRO Order"). A true and correct copy of CRO Order is attached hereto as Exhibit "E".

27.     On October 18, 2019, Ohanessian purported to send then co-Chief Executive Officers of Scoobeez Global, George Voskanian and Scott A. Sheikh ("Sheikh"), a written notice demanding that Global call and notice a special meeting of Global's shareholders within fifteen days of said notice.

28.     On October 29, 2019, Ohanessian sent an email to Messrs. Voskanian, Shiekh, and the Board advising the Board he was calling a Special Meeting of the Shareholders and that such meeting would be held at 1:00 p.m. PST on November 1, 2019, at Global's principal offices.

29.     On October 31, 2019, Co-CEO Sheikh sent an email to Ohanessian advising him access to Global's principal offices would not be granted for the purpose of holding a shareholders' meeting on November 1, 2019 due to, inter alia, the lack proper notice of this meeting.

30.     Ohanessian, Richard Dolan and Peter Rosenthal contend they held a special meeting of Global's shareholders on November 1, 2019 and took the following actions at this meeting:

      A)  removed Daniel W. Harrow from the Board; and

      B)  elected the following individuals to the Board: Ohanessian, Shoushana Ohanessian and Sedrakyan.

(the "Special Meeting")

31.     On November 22, 2019, Ohanessian, using Peter Rosenthal and the Rosenthal Family Trust UTD 3/25/1988 (together "Rosenthal") as proxies, filed a motion for relief from the automatic stay in the Bankruptcy Cases (the "RFS Motion").

32.     In the RFS Motion, Ohanessian and Rosenthal prayed for an order confirming the

4

1   automatic stay did not bar the calling, noticing and holding of the Special Meeting, or the actions

2   purportedly taken at the Special Meeting.

3         33.     The purpose of the RFS Motion was to persuade the Bankruptcy Court to approve

4   the actions taken at the Special Meeting after the fact.

5         34.     The RFS Motion was denied on January 7, 2019 pursuant to an oral ruling of the

6   Bankruptcy Court.

7         35.     Ohanessian breached the terms of the Letter Agreement by calling, noticing and

8   attending the Special Meeting, purporting to remove Daniel W. Harrow from the Board at the

9   Special Meeting, purporting to appoint himself, Shoushana Ohanessian and Gregori Sedrakyan to

10   the Board at the Special Meeting, and by filing the RFS.

11         36.     The need for injunctive relief barring Ohanessian from interfering in the Debtors'

12   corporate affairs was explicitly provided for in the Letter Agreement and this relief is justified for

13   the following reasons:

14         A.    <u>The PLainiffs are suffering irreparable harm</u>. Ohanessian's breach of the

15            terms of the Letter Agreement has caused, and is continuing to cause the Plaintiffs

16            irreparable harm by 1) placing at risk the Plaintiffs' ability to continue to use

17            Hillair's cash collateral; 2) undermining the authority of the CRO and the authority

18            of the validly elected members of the Board, Weiss, Harrow and Grobstein, to

19            manage the business affairs of the Plaintiffs during the Bankruptcy Cases, and 3)

20            engendering fear and confusion in the minds of the Plaintiffs' customers, creditors

21            and other parties-in-interest regarding the Debtors viability;

22         B)    <u>The equities justify the issuance of an injunction in favor of the Plaintiffs</u>.

23            The Plaintiffs, in their capacity as the debtors-in-possession, are fiduciaries. Their

24            legal task is to maximize the recovery to creditors. Ohanessian's objective, in

25            contrast, is to seize control over the Plaintiffs to enrich himself and his family

26            members; and

27         C)    <u>Injunctive relief is in the public interest</u>. Granting junctive relief in this case

28            in the public interest for the following reasons: Ohanessian's attempt to regain

1    control of the Plaintiffs in breach of the Letter Agreement places the Bankruptcy

2    Cases at the rights of all creditors.

3    **FIRST CLAIM FOR RELIEF**

4    37.    The Plaintiffs hereby restate and reallege the allegations in paragraph 1 through 36

5    in support of this claim for relief.

6    38.    The Letter Agreement is a binding contract between the Plaintiffs and Ohanessian.

7    39.    The Plaintiffs fully performed their obligations under the terms of the Letter

8    Agreement.

9    40.    Ohanessian breached the terms of the Letter Agreement by calling, noticing and

10    attending the Special Meeting, purporting to remove Daniel W. Harrow from the Board at the

11    Special Meeting, purporting to appoint himself, Shoushana Ohanessian and Gregori Sedrakyan to

12    the Board at the Special Meeting, and by filing the RFS.

13    41.    The Plaintiffs have suffered damages on account of Ohanessian's breach of the

14    terms of the Letter Agreement. These damages include A) the attorneys fees and costs the

15    Plaintiffs were required to expend opposing Ohanessian's effort to regain control of the Plaintiffs;

16    B) Ohanessian's interference with the Plaintiffs' management has raised doubts in the minds of

17    creditors regarding the Plaintiffs' ability to proceed with a plan of reorganization in this case; and

18    C) Ohanessian's action have imperiled the Plaintiffs' ability to continue to use the Hillair's cash

19    collateral.

20    **SECOND CLAIM FOR RELIEF**

21    42.    The Plaintiffs hereby restate and reallege the allegations in paragraph 1 through 36

22    in support of this claim for relief.

23    43.    A dispute exists between the Plaintiffs and the Defendants over A) whether the

24    Special Meeting was validly called, noticed and held, B) whether any of the actions taken at the

25    Special Meeting are valid and enforceable, C) whether Daniel W. Harrow was removed from the

26    Board; and D) whether Ohanessian, Shoushana Ohanessian and Sedrakyan were validly appointed

27    to the Board.

28    44.    To resolve the foregoing disputes, the Plaintiffs seek a judgment declaring and

1 | stating that:

2 |         A)  The Special Meeting was not properly called;

3 |         B)  The Special Meeting was not properly noticed;

4 |         C) All actions taken at the Special Meeting are void;

5 |         D) Daniel W. Harrow was not validly removed from the Board by the

6 |         vote taken at the Special Meeting;

7 |         E) Ohanesian, Shoushana Ohanessian and Sedrakyan are not members

8 |         of the Board; and

9 |         F) The Board is limited to Daniel W. Harrow, Brian Weiss and Howard

10 |         Grobstein.

11 | **PRAYERS FOR RELIEF**

12 | WHEREFORE, the Plaintiffs pray for judgment as follows:

13 | **First Claim For Relief**

14 | A judgment against Ohanessian for breach of the terms of the Letter Agreement in the

15 | amount of all damages caused by this breach, and for the issuance of a preliminary injunction

16 | barring Ohanessian, and anyone acting under his control or in concert with him, from interfering

17 | with, or having any further involvement in the management of the Plaintiffs during the Bankruptcy

18 | Cases.

19 | **Second Claim For Relief**

20 |         A)  A judgment declaring and stating The Special Meeting was not

21 |         properly called;

22 |         B)  The Special Meeting was not properly noticed;

23 |         C) All actions taken at the Special Meeting are void;

24 |         D) Daniel W. Harrow was not validly removed from the Board by the

25 |         vote taken at the Special Meeting;

26 |         E) Ohanesian, Shoushana Ohanessian and Sedrakyan are not members

27 |         of the Board; and

28 |

1    F) The Board is limited to Daniel W. Harrow, Brian Weiss and Howard

2    Grobstein.

3    **<u>All Claims for Relief</u>**

4    For an award of all fees and costs incurred by the Plaintiffs in the pursuit of the claims in this

5    adversary proceeding and for such further relief as the Court deems just and proper.

6    DATED: January 28, 2020                OKEEFE & ASSOCIATES

7                                           LAW CORPORATION, PC

8                                               /s/ Sean A. O'Keefe

                                        By: _____

9                                           Sean A. O'Keefe

10                                          Special Litigation Counsel to Scoobeez
                                Global, Inc., and Scoobeez, Inc., the plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

EXHIBIT A

**WRITTEN CONSENT OF THE MAJORITY SHAREHOLDER OF
SCOOBEEZ GLOBAL, INC.**

The undersigned, as the record owner of 150,000,000 shares of common stock and 18,400,000 shares of Series A preferred stock, representing approximately 92% of the outstanding shares entitled to vote of **SCOOBEEZ GLOBAL, INC.,** an Idaho corporation, does hereby consent by this writing to the adoption of the following resolutions:

**AMENDMENT OF THE BY-LAWS**

**RESOLVED,** that Article III, Section 2 of the By-Laws of Scoobeez Global, Inc. is deleted in its entirety and replaced with the following:

> **SECTION 2**    NUMBER, TENURE, AND QUALIFICATIONS
> The number of Directors of the corporation must be at least one but not more than five. Each director will hold office until the next annual meeting of shareholders and until the Director's successor has been elected and qualified.

**REMOVAL OF DIRECTORS**

**RESOLVED,** that the following named persons are hereby removed from the Board of Directors:

> Shahan Ohanessian
> Shoushana Ohanessian
> Jowita Chomentowska
> Lance Brinker
> Richard Dolan

**RESOLVED FURTHER,** that concurrently with the resignation of Shahan Ohanessian from the Board of Directors, he executed a Letter Agreement re: Limitation on Shareholder Authority During the Pendency of Chapter 11 Bankruptcy, which is adopted by the Board of Directors and may be executed on behalf of the company by any of its officers; the officers of the company may take any other action necessary to effectuate the foregoing.

**ELECTION OF DIRECTORS**

**RESOLVED,** that the following named persons are hereby elected to serve as the directors of the corporation to hold office until the next annual meeting of shareholders or until their successors are duly elected:

> Brian Weiss
> Daniel W. Harrow

The undersigned hereby consents to the foregoing resolutions and direct that this Written Consent be filed with the minutes of the proceedings of the shareholders of this corporation and that pursuant the relevant Idaho statutes and the Bylaws of this corporation, said resolutions shall have the same force and effect as if they were adopted at a meeting at which the undersigned were personally present.

**IN WITNESS WHEREOF,** the undersigned has executed this Written Consent as of this

5 ___ day of June 2019.

Shahan Ohanessian

**SHARES HELD:**
Common: 150,000,000
Series A Preferred: 18,400,000
2

**EXHIBIT "B"**

**Letter Agreement re: Resignation from Board of Directors and Limitation on Shareholder Authority During the Pendency of Chapter 11 Bankruptcy**

To the Board of Directors of Scoobeez Global, Inc. and Scoobeez:

Effectively immediately, I hereby resign from the Board of Directors of Scoobeez Global Inc. ("**Scoobeez Global**"), an Idaho corporation, and Scoobeez ("**Scoobeez**"), a California corporation.

Furthermore, I hereby agree not to use the following powers afforded to me as a shareholder of Scoobeez Global during the pendency of the Chapter 11 Bankruptcy proceedings:

- Vote my shares in Scoobeez Global to remove or otherwise alter the composition of the Board of Directors of Scoobeez Global or Scoobeez except in the event that another shareholder attempts to remove or otherwise alter the composition of the Board of Directors of Scoobeez Global or Scoobeez;
- Be involved with the management or financial affairs of Scoobeez Global or Scoobeez; and
- Affect the business or operations of Scoobeez Global or Scoobeez except as requested and necessary to preserve the relationship with Amazon.com and its affiliated companies.

I reserve any other shareholder rights, including, but not limited to, the right to propose a Chapter 11 Plan in my capacity as a shareholder of Scoobeez Global.

I request that a Court of competent jurisdiction enter an order to this effect and expressly agree that because there is no other adequate remedy available, Scoobeez Global and/or Scoobeez may enforce this Letter Agreement by way of injunctive relief.

IN WITNESS WHEREOF, I have executed this Letter Agreement as of the date set forth below.

Agreed to and accepted by:                    Approved as to form by:

Dated: _May 28, 2019_                          Dated: _____

_____                        _____
Shahan Ohanessian                              Name:

Agreed and accepted by:                        Agreed and accepted by:

Dated: _6/4/19_                                 Dated: _6/4/19_

SCOOBEEZ GLOBAL, INC.,                          SCOOBEEZ,
an Idaho corporation                            a California corporation

By: _____                     By: _____

**EXHIBIT "C"**

Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
**FOLEY & LARDNER LLP**
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Email: amcdow@foley.com
          jsimon@foley.com
          smoses@foley.com

Attorneys for Debtors and Debtors in
Possession, SCOOBEEZ, SCOOBEEZ GLOBAL,
INC., and SCOOBUR, LLC

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

In re:

SCOOBEEZ, et al.[1]

    Debtors and Debtors in Possession.

Affects:
- ■ All Debtors
- □ Scoobeez, ONLY
- □ Scoobeez Global, Inc., ONLY
- □ Scoobur LLC, ONLY

Case No. 2:19-bk-14989-WB
Jointly Administered:
2:19-bk-14991-WB; 2:19-bk-14997-WB

Chapter 11

**THIRD STIPULATION REGARDING CONTINUED USE OF CASH COLLATERAL**

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; HILLAIR CAPITAL MANAGEMENT, LLC; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND ALL INTERESTED PARTIES AND/OR THEIR COUNSEL OF RECORD:**

Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC, the debtors and debtors in possession (collectively the "Debtors") in the above-captioned jointly administered chapter 11 bankruptcy cases (the "Chapter 11 Cases"), the Official Committee of Unsecured Creditors (the "Committee") and Hillair Capital Management LLC and Hillair Capital Advisors LLC, the general partner of Hillair Capital Investments LP (collectively, "Hillair"), enter into this stipulation (the "Third Stipulation") regarding continued use of cash collateral as follows:

## RECITALS

A.     On May 1, 2019, the Debtors filed the Debtors' Emergency Motion for Entry of Interim Order Authorizing Use of Cash Collateral on an Interim Basis [Docket No. 13] (the "Cash Collateral Motion").

B.     The Debtors are currently using cash collateral with the consent of Hillair, and pursuant to this Court's prior orders approving use of cash collateral.

C.     On June 6, 2019, the Debtors and Hillair entered into the Second Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief Restructuring Officer [Docket No. 132] (the "Second Stipulation") [Docket. No. 132], which was approved by the Court's order entered on June 7, 2019 [Docket No. 135]. The Second Stipulation provided for continued use of cash collateral through June 28, 2019, subject to the terms and conditions provided therein.

D.     On July 3, 2019, the Court entered the agreed Order Granting Continued Use of Cash Collateral Pursuant to That Certain Second Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief Restructuring Officer [Docket No. 172], extending the Debtors' use of cash collateral through September 6, 2019.

E.     On September 19, 2019, the Court entered the agreed Order Granting Continued Use of Cash Collateral Through December 6, 2019 Pursuant to That Certain Second Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief Restructuring Officer [Docket No. 328] (the "Continued Order"). The Continued Order extended the Debtors' authorization for use of

DEBTORS' THIRD STIPULATION
REGARDING CONTINUED USE OF CASH COLLATERAL
Case No. 2:19-bk-14989-WB

4851-7769-5406.1

cash collateral through December 6, 2019, subject to the terms of the Second Stipulation as modified by the Continued Order, and pursuant to the budget attached to the Continued Order.  The Continued Order also set a continued hearing on the Cash Collateral Motion for December 5, 2019 at 10:00 a.m. (the "Continued Hearing").  The period covered by the current budget attached to the Continued Order is through December 6, 2019.

       F.      The Debtors have prepared a new 13-week budget that covers the period through March 6, 2020 (the "Budget"), a copy of which is attached hereto as **Exhibit A**.  The Budget has been approved by the Debtors' secured creditor Hillair Capital Management LLC ("Hillair") and the Official Committee of Unsecured Creditors (the "Committee").

       G.      The Debtors, Hillair and the Committee agree to the terms of this Third Stipulation.

## STIPULATION

1. The Debtors, Hillair and the Committee agree to the continued use of cash collateral, pursuant to the terms of the Second Stipulation, subject to the new Budget, through March 6, 2020. Specifically, the budget approved pursuant to the Continued Order is superseded by the Budget attached hereto, and the "Termination Date" as defined in paragraph 14.1(a) in the Second Stipulation is modified to March 6, 2020.

2. Paragraph 12.1 of the Second Stipulation is hereby modified to add the following events of default:

       (k)      The composition of the Board of Directors of any of the Debtors is altered or any previous action to alter the composition of any such Board is determined to be valid such that Messrs. Weiss, Grobstein and Harrow no longer serve as the sole Directors of the Debtors.

       (l)      The Debtors' agreements with Amazon are terminated or Amazon is given relief from the automatic stay to effectuate its termination rights.

       (m)      Any chapter 11 plan of reorganization or liquidation is filed by the Debtors or any other third-party and Hillair does not consent to such plan.

3. Except as provided for herein and in the *Stipulation Further Extending Deadline For Official Committee Of Unsecured Creditors To Challenge Claim And Lien Of Hillair Capital Management, LLC* [Docket. No. 439], the terms of the Second Stipulation remain in full force and effect.

4. The Debtors, Hillair and the Committee request entry of the order approving this Third Stipulation in the form attached hereto as **Exhibit B**.

DATED:  December 3, 2019                     **FOR THE DEBTORS:**



*/s/ Ashley M. McDow*
Ashley M. McDow

Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
FOLEY & LARDNER LLP

Attorneys for Debtors SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC


**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:**


David L. Neale
John-Patrick M. Fritz
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.,

Attorneys for the Committee

DEBTORS' THIRD STIPULATION
REGARDING CONTINUED USE OF CASH COLLATERAL
Case No. 2:19-bk-14989-WB

3. Except as provided for herein and in the *Stipulation Further Extending Deadline For Official Committee Of Unsecured Creditors To Challenge Claim And Lien Of Hillair Capital Management, LLC* [Docket. No. 439], the terms of the Second Stipulation remain in full force and effect.

4. The Debtors, Hillair and the Committee request entry of the order approving this Third Stipulation in the form attached hereto as **Exhibit B**.

DATED:  December 3, 2019                     **FOR THE DEBTORS:**

_____

Ashley M. McDow

Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
FOLEY & LARDNER LLP

Attorneys for Debtors SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC

**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:**

_____

David L. Neale
John-Patrick M. Fritz
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.,

Attorneys for the Committee

1

2       **FOR HILLAIR CAPITAL MANAGEMENT LLC
         AND HILLAIR CAPITAL ADVISORS LLC**

3

4       _____
         Steven M. Spector
5        Anthony J. Napolitano
         BUCHALTER, A Professional Corporation
6

7        Attorneys for Hillair Capital Management LLC and
         Hillair Capital Advisors LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**Scoobeez, et al.**
**Cash Forecast through 3/6/2020**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | Total Forecast | Percent of Collections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Forecast Week No.** | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | | |
| **Week Ended** | 12/13/2019 | 12/20/2019 | 12/27/2019 | 1/3/2020 | 1/10/2020 | 1/17/2020 | 1/24/2020 | 1/31/2020 | 2/7/2020 | 2/14/2020 | 2/21/2020 | 2/28/2020 | 3/6/2020 | | |
| **Invoiced** | | | | | | | | | | | | | | | |
| Routes | 800,000 | 800,000 | 800,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 10,150,000 | |
| Total Invoices | 800,000 | 800,000 | 800,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 10,150,000 | |
| Beginning Cash | 2,077,865 | 2,454,742 | 1,833,924 | 2,400,077 | 1,840,053 | 2,267,519 | 1,813,747 | 2,191,722 | 1,659,773 | 2,145,248 | 1,684,476 | 2,032,451 | 1,512,702 | 2,077,865 | |
| Collections | 800,000 | 800,000 | 800,000 | 800,000 | 800,000 | 800,000 | 800,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 10,250,000 | 100.0% |
| **Cash Disbursements:** | | | | | | | | | | | | | | | |
| Fuel | 56,000 | 56,000 | 56,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 718,000 | 7.0% |
| Payroll & Payroll Expenses | - | 910,000 | - | 950,000 | - | 900,000 | - | 950,000 | - | 900,000 | - | 920,000 | - | 5,530,000 | 54.0% |
| Executive Compensation | - | - | 32,500 | - | 32,500 | - | 32,500 | - | 32,500 | - | 32,500 | - | 32,500 | 195,000 | 1.9% |
| Vehicle - Hertz (3) | 95,197 | 95,197 | 95,197 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 1,379,340 | 13.5% |
| Vehicle - Accidents/Tolls/Citations | - | 750 | - | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 78,000 | 0.8% |
| Worker's Compensation | 7,000 | 86,022 | - | 86,022 | 7,000 | 83,247 | 7,000 | 83,247 | 7,000 | 83,247 | 7,000 | 83,247 | 7,000 | 554,031 | 5.4% |
| Insurance | - | 20,500 | - | 20,500 | - | 20,500 | - | 20,500 | - | 20,500 | - | 20,500 | - | 266,957 | 2.6% |
| Rent & Utilities | 41,276 | - | - | 13,000 | - | 13,000 | - | 13,000 | - | 13,000 | - | 13,000 | - | 61,500 | 0.6% |
| Phones & Service | 13,000 | 13,000 | - | 13,000 | - | 13,000 | - | 13,000 | - | 13,000 | - | 13,000 | - | 91,000 | 0.9% |
| Travel | 12,000 | 12,000 | - | 5,000 | 5,000 | 12,000 | 12,200 | 12,000 | - | 5,000 | 5,000 | - | - | 48,000 | 0.5% |
| IT Expenses | 10,000 | - | - | - | - | - | 12,200 | - | - | 12,200 | - | 5,000 | - | 34,400 | 0.3% |
| Dues & Subscriptions | 18,500 | - | - | - | 12,000 | - | 12,200 | - | - | - | - | 5,000 | - | 42,500 | 0.4% |
| DBII Tax Preparation Fee | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 6,000 | 0.1% |
| Car Wash | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Other Expenses | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 130,000 | 1.3% |
| **Total Operating Cash Disbursements** | 262,973 | 1,223,168 | 193,697 | 1,319,874 | 221,875 | 1,213,622 | 239,375 | 1,266,799 | 249,375 | 1,195,622 | 244,375 | 1,254,599 | 249,375 | 9,134,728 | 89.1% |
| **Operating Cash Flow** | 537,027 | (423,168) | 606,303 | (519,874) | 578,125 | (413,622) | 560,625 | (491,799) | 525,625 | (420,622) | 530,625 | (479,599) | 525,625 | 1,115,272 | 10.9% |
| **Financing Cash Flows** | | | | | | | | | | | | | | | |
| Debt Principal | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Debt Interest | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 520,000 | 5.1% |
| Bank Fees | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,950 | 0.0% |
| **Financing Cash Flows** | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 521,950 | 5.1% |
| **Restructuring Cash Flows** | | | | | | | | | | | | | | | |
| Debtor Counsel | - | 50,000 | - | - | - | - | 50,000 | - | - | - | 50,000 | - | - | 150,000 | 1.5% |
| Debtor CRO | - | 40,000 | - | - | - | - | 25,000 | - | - | - | 25,000 | - | - | 90,000 | 0.9% |
| Debtor Advisor | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Board of Directors (2 Individuals) | - | 5,000 | - | - | - | - | 5,000 | - | - | - | 5,000 | - | - | 15,000 | 0.1% |
| Secured Lender Counsel | - | 50,000 | - | - | - | - | 50,000 | - | - | - | 50,000 | - | - | 150,000 | 1.5% |
| Committee Counsel | - | 12,500 | - | - | - | - | 12,500 | - | - | - | 12,500 | - | - | 37,500 | 0.4% |
| Special Counsel (Hilliar) | 100,000 | - | - | - | - | - | - | - | - | - | - | - | - | 100,000 | 1.0% |
| Special Counsel (Debtor) | 20,000 | - | - | - | - | - | - | - | - | - | - | - | - | 20,000 | 0.2% |
| US Trustee Fees | - | - | - | - | 110,510 | - | - | - | - | - | - | - | 102,488 | 212,998 | 2.1% |
| **Restructuring Cash Flows** | 120,000 | 157,500 | - | - | 110,510 | - | 142,500 | - | - | - | 142,500 | - | 102,488 | 775,498 | 7.6% |
| **Net Total Cash Flow In / (Out)** | 376,877 | (620,818) | 566,153 | (560,024) | 427,465 | (453,772) | 377,975 | (531,949) | 485,475 | (460,772) | 347,975 | (519,749) | 382,987 | (182,176) | -1.8% |
| **Ending Cash Balance** | 2,454,742 | 1,833,924 | 2,400,077 | 1,840,053 | 2,267,519 | 1,813,747 | 2,191,722 | 1,659,773 | 2,145,248 | 1,684,476 | 2,032,451 | 1,512,702 | 1,895,689 | 1,895,689 | |
| **Collateral Package** | | | | | | | | | | | | | | | |
| Cash on Hand | 2,454,742 | 1,833,924 | 2,400,077 | 1,840,053 | 2,267,519 | 1,813,747 | 2,191,722 | 1,659,773 | 2,145,248 | 1,684,476 | 2,032,451 | 1,512,702 | 1,895,689 | 1,895,689 | |
| AR | 3,180,000 | 3,180,000 | 3,180,000 | 3,160,000 | 3,140,000 | 3,120,000 | 3,100,000 | 3,100,000 | 3,100,000 | 3,100,000 | 3,100,000 | 3,100,000 | 3,100,000 | 3,100,000 | |
| Loan Receivable and Uncategorized As | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | |
| Fixed Assets | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | |
| Other Assets | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | |
| **Total Collateral** | 8,220,269 | 7,599,451 | 8,165,604 | 7,585,580 | 7,993,046 | 7,519,274 | 7,877,249 | 7,345,300 | 7,830,775 | 7,370,003 | 7,717,978 | 7,198,229 | 7,581,216 | 7,581,216 | |
| Estimated Outstanding Secured Loan | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | |

# Exhibit B

Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
**FOLEY & LARDNER LLP**
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Email: amcdow@foley.com
      jsimon@foley.com
      smoses@foley.com

Attorneys for Debtors and Debtors in
Possession, SCOOBEEZ, SCOOBEEZ GLOBAL,
INC., and SCOOBUR, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.[1]<br><br>      Debtors and Debtors in Possession. | Case No. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>Chapter 11 |
| Affects:<br><br>■ All Debtors<br><br>□ Scoobeez, ONLY<br><br>□ Scoobeez Global, Inc., ONLY<br><br>□ Scoobur LLC, ONLY | **ORDER GRANTING CONTINUED USE OF CASH COLLATERAL THROUGH MARCH 6, 2020, PURSUANT TO THAT CERTAIN THIRD STIPULATION REGARDING CONTINUED USE OF CASH COLLATERAL** |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

Scoobeez, Inc., Scoobeez Global, Inc., and Scoobur, LLC, the debtors and debtors-in-possession

in the above captioned jointly administered Chapter 11 bankruptcy cases (collectively, the "Debtors")

having filed the *Emergency Motion for Entry of Interim Order Authorizing Use of Cash Collateral on an*

*Interim Basis* [Docket No. 13] (the "Cash Collateral Motion");

The Debtors presently have authorization to use cash collateral on an interim basis through

December 6, 2019, pursuant to the *Order Granting Continued Use Of Cash Collateral Through*

*December 6, 2019 Pursuant To That Certain Second Stipulation For (1) Authorization To Use Cash*

*Collateral; And (2) Appointment Of Chief Restructuring Officer* [Docket No. 172], entered on

September 19, 2019 (the "Prior Order"), which approved continued use of cash collateral under that

certain *Second Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief*

*Restructuring Officer* [Docket No. 132] (the "Second Stipulation") entered into by and among Hillair

Capital Management LLC and Hillair Capital Advisors LLC, the general partner of Hillair Capital

Investments LP (collectively, "Hillair"), the Debtors, and the Official Committee of Unsecured

Creditors (the "Committee"), which was approved by this Court pursuant to that certain *Order*

*Approving Second Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of a*

*Chief Restructuring Officer* [Docket No. 135].

The Debtors seek continued use of cash collateral on an interim basis as set forth in their *Third*

*Stipulation Regarding Continued Use of Cash Collateral* [Docket No. [____]] (the "Third Stipulation").

The Court having considered the Cash Collateral Motion, the Second Stipulation, the Third Stipulation,

all oppositions and other supplemental papers filed with respect to the continued use of cash collateral,

and good cause appearing therefor, the Court makes the following findings:

A.      The Debtors, the Committee, and Hillair support the Debtors' continued use of cash

collateral on an interim basis.

B.      There are no defaults under the terms of the Second Stipulation, the Prior Order, or any

previous stipulation or order authorizing the Debtors' use of cash collateral.

C.      The express written consent of Hillair under Paragraph 3.4(c) of the Second Stipulation

for the use of cash collateral for the payment of any insider of the Debtor or any management person or

entity retained by the Debtors' or the Debtors' estate is as provided for in the Budget (as defined in the

4831-9136-2734.2

Third Stipulation and as attached to this order (the "<u>Order</u>")).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Debtors' authorization to use cash collateral on a further interim basis pursuant to the terms of the Second Stipulation is approved subject to the modifications set forth in this Order.

2. The term during which the Debtors are authorized to use cash collateral, as set forth in Paragraph 14.1(a) of the Second Stipulation, is hereby extended through March 6, 2020.

3. The Budget as defined and referenced in Paragraph 3.3(a) of the Second Stipulation and attached as Exhibit B to the Second Stipulation is hereby superseded by the budget attached hereto as **<u>Exhibit A</u>** for the period from December 7 through March 6, 2019.

4. Paragraph 12.1 of the Second Stipulation is hereby modified to add the following events of default:

(k) The composition of the Board of Directors of any of the Debtors is altered or any previous action to alter the composition of any such Board is determined to be valid such that Messrs. Weiss, Grobstein and Harrow no longer serve as the sole Directors of the Debtors.

(l) The Debtors' agreements with Amazon are terminated or Amazon is given relief from the automatic stay to effectuate its termination rights.

(m) Any chapter 11 plan of reorganization or liquidation is filed by the Debtors or any other third-party and Hillair does not consent to such plan.

5. The hearing on the Debtors' Emergency Motion for Entry of Interim Order Authorizing Use of Cash Collateral on an Interim Basis [Docket No. 13] (the "<u>Motion</u>") shall be continued to March 5, 2020, at 10:00 a.m. in the above-captioned court.

6. Supplemental briefs in support of the Motion and continued use of cash collateral shall be filed and served by no later than February 20, 2020.

7. Supplemental responses in opposition to the motion and continued use of cash collateral shall be filed and served by no later than February 27, 2020.

# # #

Case No. 2:19-bk-14989-WB

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411

A true and correct copy of the foregoing document entitled (*specify*): **THIRD STIPULATION REGARDING CONTINUED USE OF CASH COLLATERAL**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 6, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:                       ☒
On (*date*) December 6, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Julia W. Brand**
**Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1382**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/6/2019 | Karla P. Hernandez | */s/ Karla P. Hernandez* |
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
- **John-Patrick M Fritz**    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Riebert Sterling Henderson**    shenderson@gibbsgiden.com
- **Vivian Ho**    BKClaimConfirmation@ftb.ca.gov
- **Alvin Mar**    alvin.mar@usdoj.gov
- **Ashley M McDow**    amcdow@foley.com,
  sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- **Stacey A Miller**    smiller@tharpe-howell.com
- **Kevin H Morse**    kmorse@clarkhill.com, blambert@clarkhill.com
- **Shane J Moses**    smoses@foley.com
- **Akop J Nalbandyan**    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- **Rejoy Nalkara**    rejoy.nalkara@americaninfosource.com
- **Anthony J Napolitano**    anapolitano@buchalter.com,
  IFS_filing@buchalter.com;salarcon@buchalter.com
- **David L. Neale**    dln@lnbyb.com
- **Aram Ordubegian**    ordubegian.aram@arentfox.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- **Gregory M Salvato**    gsalvato@salvatolawoffices.com,
  calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- **Steven M Spector**    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Eric K Yaeckel**    yaeckel@sullivanlawgroupapc.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

EXHIBIT D

1

Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
**FOLEY & LARDNER LLP**
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Email: amcdow@foley.com
        jsimon@foley.com
        smoses@foley.com

2

3

4

5

6



FILED & ENTERED

DEC 10 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

7

Attorneys for Debtors and Debtors in
Possession, SCOOBEEZ, SCOOBEEZ GLOBAL,
INC., and SCOOBUR, LLC

8

9

10

11

12

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

13

14

15

In re:

SCOOBEEZ, et al.[1]

Debtors and Debtors in Possession.

16

17

18

19

20

21

Affects:

■ All Debtors

□ Scoobeez, ONLY

□ Scoobeez Global, Inc., ONLY

□ Scoobur LLC, ONLY

Case No. 2:19-bk-14989-WB
Jointly Administered:
2:19-bk-14991-WB; 2:19-bk-14997-WB

Chapter 11

**ORDER GRANTING CONTINUED USE OF
CASH COLLATERAL THROUGH MARCH
6, 2020, PURSUANT TO THAT CERTAIN
THIRD STIPULATION REGARDING
CONTINUED USE OF CASH
COLLATERAL**

22

23

24

25

26

27

28

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

Scoobeez, Inc., Scoobeez Global, Inc., and Scoobur, LLC, the debtors and debtors-in-possession

in the above captioned jointly administered Chapter 11 bankruptcy cases (collectively, the "<u>Debtors</u>")

having filed the *Emergency Motion for Entry of Interim Order Authorizing Use of Cash Collateral on an*

*Interim Basis* [Docket No. 13] (the "<u>Cash Collateral Motion</u>");

The Debtors presently have authorization to use cash collateral on an interim basis through

December 6, 2019, pursuant to the *Order Granting Continued Use Of Cash Collateral Through*

*December 6, 2019 Pursuant To That Certain Second Stipulation For (1) Authorization To Use Cash*

*Collateral; And (2) Appointment Of Chief Restructuring Officer* [Docket No. 172], entered on

September 19, 2019 (the "<u>Prior Order</u>"), which approved continued use of cash collateral under that

certain *Second Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief*

*Restructuring Officer* [Docket No. 132] (the "<u>Second Stipulation</u>") entered into by and among Hillair

Capital Management LLC and Hillair Capital Advisors LLC, the general partner of Hillair Capital

Investments LP (collectively, "Hillair"), the Debtors, and the Official Committee of Unsecured

Creditors (the "Committee"), which was approved by this Court pursuant to that certain *Order*

*Approving Second Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of a*

*Chief Restructuring Officer* [Docket No. 135].

The Debtors seek continued use of cash collateral on an interim basis as set forth in their *Third*

*Stipulation Regarding Continued Use of Cash Collateral* [Docket No. [486]] (the "<u>Third Stipulation</u>").

The Court having considered the Cash Collateral Motion, the Second Stipulation, the Third Stipulation,

all oppositions and other supplemental papers filed with respect to the continued use of cash collateral,

and good cause appearing therefor, the Court makes the following findings:

A.      The Debtors, the Committee, and Hillair support the Debtors' continued use of cash

collateral on an interim basis.

B.      There are no defaults under the terms of the Second Stipulation, the Prior Order, or any

previous stipulation or order authorizing the Debtors' use of cash collateral.

C.      The express written consent of Hillair under Paragraph 3.4(c) of the Second Stipulation

for the use of cash collateral for the payment of any insider of the Debtor or any management person or

entity retained by the Debtors' or the Debtors' estate is as provided for in the Budget (as defined in the

Third Stipulation and as attached to this order (the "Order")).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Debtors' authorization to use cash collateral on a further interim basis pursuant to the terms of the Second Stipulation is approved subject to the modifications set forth in this Order.

2.    The term during which the Debtors are authorized to use cash collateral, as set forth in Paragraph 14.1(a) of the Second Stipulation, is hereby extended through March 6, 2020.

3.    The Budget as defined and referenced in Paragraph 3.3(a) of the Second Stipulation and attached as Exhibit B to the Second Stipulation is hereby superseded by the budget attached hereto as **Exhibit A** for the period from December 7 through March 6, 2019.

4.    Paragraph 12.1 of the Second Stipulation is hereby modified to add the following events of default:

(k)    The composition of the Board of Directors of any of the Debtors is altered or any previous action to alter the composition of any such Board is determined to be valid such that Messrs. Weiss, Grobstein and Harrow no longer serve as the sole Directors of the Debtors.

(l)    The Debtors' agreements with Amazon are terminated or Amazon is given relief from the automatic stay to effectuate its termination rights.

(m)    Any chapter 11 plan of reorganization or liquidation is filed by the Debtors or any other third-party and Hillair does not consent to such plan.

5.    The hearing on the Debtors' Emergency Motion for Entry of Interim Order Authorizing Use of Cash Collateral on an Interim Basis [Docket No. 13] (the "Motion") shall be continued to March 5, 2020, at 10:00 a.m. in the above-captioned court.

6.    Supplemental briefs in support of the Motion and continued use of cash collateral shall be filed and served by no later than February 20, 2020.

//

//

//

ORDER FOR CONTINUED USE OF CASH COLLATERAL
Case No. 2:19-bk-14989-WB

4831-9136-2734.2

7. Supplemental responses in opposition to the motion and continued use of cash collateral shall be filed and served by no later than February 27, 2020.

# # #

Date: December 10, 2019

_Julia W Brand_
Julia W. Brand
United States Bankruptcy Judge

Scoobeez, et al.
Cash Forecast through 3/6/2020

| Forecast Week No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | Total Forecast | Percent of Collections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | | |
| Week Ended | 12/13/2019 | 12/20/2019 | 12/27/2019 | 1/3/2020 | 1/10/2020 | 1/17/2020 | 1/24/2020 | 1/31/2020 | 2/7/2020 | 2/14/2020 | 2/21/2020 | 2/28/2020 | 3/6/2020 | | |
| Invoiced Routes | 800,000 | 800,000 | 800,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 10,150,000 | |
| Total Invoices | 800,000 | 800,000 | 800,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 10,150,000 | |
| Beginning Cash | 2,077,865 | 2,454,742 | 1,833,924 | 2,400,077 | 1,840,053 | 2,267,519 | 1,813,747 | 2,191,722 | 1,659,773 | 2,145,248 | 1,684,476 | 2,032,451 | 1,512,702 | | |
| Collections | 800,000 | 800,000 | 800,000 | 800,000 | 800,000 | 800,000 | 800,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 775,000 | 10,250,000 | 100.0% |
| **Cash Disbursements:** | | | | | | | | | | | | | | | |
| Fuel | 56,000 | 56,000 | 56,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 55,000 | 718,000 | 7.0% |
| Payroll & Payroll Expenses | 10,000 | 930,000 | 10,000 | 930,000 | 10,000 | 900,000 | 10,000 | 900,000 | 10,000 | 900,000 | 10,000 | 900,000 | 10,000 | 5,530,000 | 54.0% |
| Executive Compensation | - | 32,500 | - | 32,500 | - | - | 32,500 | - | 32,500 | - | 32,500 | - | 32,500 | 195,000 | 1.9% |
| Vehicle - Hertz (3) | 95,197 | 95,197 | 95,197 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 109,375 | 1,379,340 | 13.5% |
| Vehicle - Accidents/Tolls/Citations | - | - | - | 750 | - | 37,500 | - | 750 | - | 37,500 | - | 750 | - | 78,000 | 0.8% |
| Worker's Compensation | 7,000 | 86,022 | 7,000 | 86,022 | 7,000 | 83,247 | 7,000 | 83,247 | 7,000 | 83,247 | 7,000 | 83,247 | 7,000 | 554,031 | 5.4% |
| Rent & Utilities | - | - | - | 20,500 | - | - | - | 20,500 | - | - | - | 20,500 | - | 61,500 | 0.6% |
| Insurance | 41,276 | - | - | 75,227 | - | - | - | 75,227 | - | - | - | 75,227 | - | 266,957 | 2.6% |
| Phones & Service | 13,000 | - | 13,000 | - | 13,000 | - | 13,000 | - | 13,000 | - | 13,000 | - | 13,000 | 91,000 | 0.9% |
| Travel | 12,000 | - | - | - | 12,000 | - | - | - | 12,000 | - | - | - | 12,000 | 48,000 | 0.5% |
| IT Expenses | - | 12,200 | - | - | 5,000 | - | 12,200 | - | - | 5,000 | - | - | | 34,400 | 0.3% |
| Dues & Subscriptions | 18,500 | 500 | 500 | 500 | 500 | 500 | 18,500 | 500 | 500 | 500 | 500 | 500 | 500 | 42,500 | 0.4% |
| DBB Tax Preparation Fee | | | | | | | | | | | | | | - | 0.0% |
| Car Wash | - | - | 2,000 | - | - | - | 2,000 | - | - | - | 2,000 | - | - | 6,000 | 0.1% |
| Other Expenses | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 130,000 | 1.3% |
| Total Operating Cash Disbursements | 262,973 | 1,223,168 | 193,697 | 1,319,874 | 221,875 | 1,213,622 | 239,375 | 1,266,799 | 249,375 | 1,195,622 | 244,375 | 1,254,599 | 249,375 | 9,134,728 | 89.1% |
| **Operating Cash Flow** | 537,027 | (423,168) | 606,303 | (519,874) | 578,125 | (413,622) | 560,625 | (491,799) | 525,625 | (420,622) | 530,625 | (479,599) | 525,625 | 1,115,272 | 10.9% |
| **Financing Cash Flows** | | | | | | | | | | | | | | | |
| Debt Principal | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Debt Interest | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 520,000 | 5.1% |
| Bank Fees | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,950 | 0.0% |
| Financing Cash Flows | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 40,150 | 521,950 | 5.1% |
| **Restructuring Cash Flows** | | | | | | | | | | | | | | | |
| Debtor Counsel | - | 50,000 | - | - | - | 50,000 | - | - | - | 50,000 | - | - | - | 150,000 | 1.5% |
| Debtor CRO | - | 40,000 | - | - | - | 25,000 | - | - | - | 25,000 | - | - | - | 90,000 | 0.9% |
| Debtor Advisor | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Board of Directors (2 Individuals) | - | 5,000 | - | - | - | 5,000 | - | - | - | 5,000 | - | - | - | 15,000 | 0.1% |
| Secured Lender Counsel | - | 50,000 | - | - | - | 50,000 | - | - | - | 50,000 | - | - | - | 150,000 | 1.5% |
| Committee Counsel | - | 12,500 | - | - | - | 12,500 | - | - | - | 12,500 | - | - | - | 37,500 | 0.4% |
| Special Counsel (Hillair) | 100,000 | - | - | - | - | - | - | - | - | - | - | - | - | 100,000 | 1.0% |
| Special Counsel (Debtor) | 20,000 | - | - | - | - | - | - | - | - | - | - | - | - | 20,000 | 0.2% |
| US Trustee Fees | - | - | - | - | 110,510 | - | - | - | - | - | - | - | 102,488 | 212,998 | 2.1% |
| Restructuring Cash Flows | 120,000 | 157,500 | - | - | 110,510 | - | 142,500 | - | - | 142,500 | - | - | 102,488 | 775,498 | 7.6% |
| **Net Total Cash Flow In / (Out)** | 376,877 | (620,818) | 566,153 | (560,024) | 427,465 | (453,772) | 377,975 | (531,949) | 485,475 | (460,772) | 347,975 | (519,749) | 382,987 | (182,176) | -1.8% |
| Ending Cash Balance | 2,454,742 | 1,833,924 | 2,400,077 | 1,840,053 | 2,267,519 | 1,813,747 | 2,191,722 | 1,659,773 | 2,145,248 | 1,684,476 | 2,032,451 | 1,512,702 | 1,895,689 | | |
| **Collateral Package** | | | | | | | | | | | | | | | |
| Cash on Hand | 2,454,742 | 1,833,924 | 2,400,077 | 1,840,053 | 2,267,519 | 1,813,747 | 2,191,722 | 1,659,773 | 2,145,248 | 1,684,476 | 2,032,451 | 1,512,702 | 1,895,689 | | |
| AR | 3,180,000 | 3,180,000 | 3,180,000 | 3,160,000 | 3,140,000 | 3,120,000 | 3,100,000 | 3,100,000 | 3,100,000 | 3,100,000 | 3,100,000 | 3,100,000 | 3,100,000 | | |
| Loan Receivable and Uncategorized As... | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | 1,654,172 | | |
| Fixed Assets | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | 868,687 | | |
| Other Assets | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | 62,668 | | |
| **Total Collateral** | 8,220,269 | 7,599,451 | 8,165,604 | 7,585,580 | 7,993,046 | 7,519,274 | 7,877,249 | 7,345,300 | 7,830,775 | 7,370,003 | 7,717,978 | 7,198,229 | 7,581,216 | | |
| Estimated Outstanding Secured Loan | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | 11,108,500 | | |

EXHIBIT E



1

2

3   **FILED & ENTERED**

4   **JUN 07 2019**

5

6   CLERK U.S. BANKRUPTCY COURT
    Central District of California
    BY egarcia   DEPUTY CLERK

7

8   **UNITED STATES BANKRUPTCY COURT**

9   **CENTRAL DISTRICT OF CALIFORNIA**

10   **LOS ANGELES DIVISION**

11   In re                                          Lead Case No. 2:19-bk-14989-WB

12   SCOOBEEZ, INC., a California                   Chapter 11
     corporation, et al.
13                                                  Jointly administered with Case Nos. 2:19-bk-
                    Debtors and Debtors in          14991-WB and 2:19-bk-14997-WB)
14                  Possession.
                                                    **ORDER APPROVING SECOND**
15                                                  **STIPULATION FOR**
                                                    **(1) AUTHORIZATION TO USE**
16   Affects:                                       **CASH COLLATERAL; AND**
                                                    **(2) APPOINTMENT OF CHIEF**
17   ☒      All Debtors                             **RESTRUCTURING OFFICER**

18   ☐      SCOOBEEZ, INC., only                    **Hearing:**
                                                    Date:       June 6, 2019
19   ☐      SCOOBEEZ GLOBAL, INC. only              Time:       10:00 a.m.
                                                    Place:      U.S. Bankruptcy Court
20   ☐      SCOOBUR, LLC only                                   Courtroom 1375
                                                               255 East Temple Street
21                                                             Los Angeles, CA 90012
                                                    Judge:      Hon. Julia W. Brand
22

23

24

25

26

27

28

1

Having reviewed the *Second Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief Restructuring Officer* [Docket No. 132] (the "Stipulation") entered into by and between Hillair Capital Management LLC and Hillair Capital Advisors LLC, the general partner of Hillair Capital Investments LP (collectively, "Hillair"), Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors"), and the Official Committee of Unsecured Creditors (the "Committee"), and good cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Stipulation is approved.

2.      The hearing on the Debtors' *Emergency Motion for Entry of Interim Order Authorizing Use of Cash Collateral on an Interim Basis* [Docket No. 13] (the "Motion") shall be continued to June 27, 2019 at ~~10:00 a.m.~~ *2:00 p.m.* in the above-captioned court.

3.      Supplemental briefs in support of the Motion and continued use of cash collateral shall be filed and served by no later than June 20, 2019.

4.      Supplemental responses in opposition to the motion and continued use of cash collateral shall be filed and served by no later than June 25, 2019.

# # #

Date: June 7, 2019

*Julia W Brand*

Julia W. Brand
United States Bankruptcy Judge

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
130 Newport Center Drive, Suite 140
Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **COMPLAINT FOR DECLARATORY RELIEF; BREACH OF CONTRACT; INJUNCTIVE RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **1/28/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) **1/28/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **1/28/2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Federal Express
Honorable Julia Brand
United States Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/28/2020 | Rosanna M. Sumera | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Richard T Baum**    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- **Bradley E Brook**    bbrook@bbrooklaw.com,
  paulo@bbrooklaw.com;brookecfmail@gmail.com
- **Richard W Esterkin**    richard.esterkin@morganlewis.com
- **John-Patrick M Fritz**    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Riebert Sterling Henderson**    shenderson@gibbsgiden.com
- **Vivian Ho**    BKClaimConfirmation@ftb.ca.gov
- **Dare Law**    dare.law@usdoj.gov
- **Bret D Lewis**    Bretlewis@aol.com, bdlawyager@gmail.com
- **Ashley M McDow**    amcdow@foley.com,
  sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com;VGoldsmith@foley.com
- **Stacey A Miller**    smiller@tharpe-howell.com
- **Kevin H Morse**    kmorse@clarkhill.com, blambert@clarkhill.com
- **Shane J Moses**    smoses@foley.com, vgoldsmith@foley.com
- **Akop J Nalbandyan**    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- **Rejoy Nalkara**    rejoy.nalkara@americaninfosource.com
- **Anthony J Napolitano**    anapolitano@buchalter.com,
  IFS_filing@buchalter.com;salarcon@buchalter.com
- **Jennifer L Nassiri**    jennifernassiri@quinnemanuel.com
- **David L. Neale**    dln@lnbyb.com
- **Sean A OKeefe**    sokeefe@okeefelc.com, seanaokeefe@msn.com
- **Aram Ordubegian**    ordubegian.aram@arentfox.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com,
  bclark@raineslaw.com;cwilliams@raineslaw.com
- **Gregory M Salvato**    gsalvato@salvatolawoffices.com,
  calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- **Daren M Schlecter**    daren@schlecterlaw.com, assistant@schlecterlaw.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- **Steven M Spector**    sspector@buchalter.com,
  IFS_efiling@buchalter.com;salarcon@buchalter.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Kimberly Walsh**    bk-kwalsh@texasattorneygeneral.gov
- **Eric D Winston**    ericwinston@quinnemanuel.com
- **Eric K Yaeckel**    yaeckel@sullivanlawgroupapc.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

SHAHAN OHANESSIAN
1328 Doverwood Drive
Glendale, CA 91207-1147

SHOUSHANA OHANESSIAN
1328 Doverwood Drive
Glendale, CA 91207-1147

Shoushana Ohanessian
c/o Jeffrey S Shinbrot APLC
15260 Ventura Blvd Ste 1200
Sherman Oaks CA 91403-5347

GREGORI SEDRAKYAN
1127 Sonora Av
Glendale, CA 91201-1908

Grigori Sedrakyan
c/o David B. Lally, Esq.
P.O. Box 355
Wilmington, NY   12997-0355

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**